Reuben D. Nathan, Esq. (SBN 208436)
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy., Suite 200
Newport Beach, CA 92663
Office: (949) 270-2798
Email: rnathan@nathanlawpractice.com

Ross Cornell, Esq. (SBN 210413)
**LAW OFFICES OF ROSS CORNELL, APC**
40729 Village Dr., Suite 8 - 1989
Big Bear Lake, CA 92315
Office: (562) 612-1708
Email: rc@rosscornelllaw.com

Attorneys for Plaintiff: TANYA ARNOLD

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TANYA ARNOLD, on behalf of herself and all similarly situated persons,

Plaintiff,

v.

ROCKET COMPANIES, INC., a Delaware corporation,

Defendant.

Case No.: 5:25-cv-01887-SPG-AS

Hon. Sherilyn Peace Garnett

**EX PARTE APPLICATION FOR ORDER RESOLVING THE STATUS OF SECOND AMENDED COMPLAINT**

Date: December 5, 2025
Time: None Set [Ex Parte Application]

# EX PARTE APPLICATION

## I. INTRODUCTION

Plaintiff TANYA ARNOLD applies *ex parte* for an order resolving the status of her Second Amended Complaint. Plaintiff requests that the Court deem the Second Amended Complaint filed December 3, 2025, to have been properly filed under Rule 15(a)(1)(B). Defendant filed a Rule 12(b)(6) motion on November 12, 2025, which triggered a twenty-one-day period during which Plaintiff could amend as a matter of course [ECF Nos. 26 – 26.3]. Plaintiff filed the Second Amended Complaint on December 3, 2025, within that period [ECF No. 28]. If the Court determines that leave was required, Plaintiff requests that leave be granted *nunc pro tunc* to December 3, 2025. Plaintiff also requests that the Court approve the response schedule and vacated hearing date set forth in the parties' stipulation filed on December 4, 2025.

This application is necessary because the Clerk issued a Notice of Deficiency asserting that leave was required [ECF No. 30]. Plaintiff immediately filed a Response explaining that the amendment was authorized by Rule 15(a)(1)(B) and by Ninth Circuit precedent [ECF No. 31]. Plaintiff contacted the Clerk for clarification but received no response. The parties have since met and conferred and agreed and stipulated that the Second Amended Complaint may be deemed filed as of December 3, 2025, and that the schedule may be reset by order of the Court. Despite this agreement, the Court has not yet taken action, leaving the docket without an operative pleading or a response deadline.

## II. STATEMENT OF EX PARTE COMPLIANCE

Pursuant to Local Rule 7-19, Plaintiff notified Defendants' counsel of the substance of this application, the relief requested, and the intention to file *ex parte*. Notice was provided by email and voicemail on December 4, 2025, at 2:50 p.m. Defendants' counsel does not oppose the requested relief, takes no position on the Rule 15(a)(1)(B) issue, and has stipulated that the Second Amended Complaint be deemed filed as of December 3, 2025. Plaintiff has complied fully with the notice requirements for *ex parte* applications.

## III. PROCEDURAL BACKGROUND

Plaintiff filed the First Amended Complaint with the parties' consent. Defendant later filed a Rule 12(b)(6) motion on November 12, 2025. Under Rule 15(a)(1)(B), the filing of that motion automatically permitted Plaintiff to amend once as a matter of course within twenty-one days.

Plaintiff filed the Second Amended Complaint on December 3, 2025, which was within that window. Later that day, the Clerk issued a Notice of Deficiency stating that leave of Court was required. Plaintiff promptly filed a Notice explaining her Rule 15(a)(1)(B) entitlement and cited Ninth Circuit authority confirming that a prior stipulated amendment does not eliminate a plaintiff's right to later amend as of course in response to a Rule 12 motion.

Plaintiff contacted the Clerk but received no further information. On December 4, 2025, the parties met and conferred and agreed to stipulate that the Second Amended Complaint may be deemed filed as of December 3, 2025, that the newly added defendants will waive service, and that a briefing schedule should be reset. The stipulation and proposed order were filed, but the Court has not yet ruled, leaving the docket unclear as to the operative pleading.

## IV. NEED FOR EX PARTE RELIEF

Ex parte relief is necessary because waiting for a regularly noticed motion would cause undue procedural delay and prejudice. The case cannot move forward until the Court determines the status of the Second Amended Complaint. Defendants have no deadline to respond, the pending motion to dismiss is directed at a superseded complaint, and the parties' stipulation cannot take effect without Court approval.

Plaintiff is without fault. She filed the Second Amended Complaint within the Rule 15(a)(1)(B) period. She responded promptly to the Clerk's notice, contacted the Clerk, filed a detailed explanation of the governing rule, and worked cooperatively with Defendants to resolve all scheduling issues. Because the delay arises solely from the unresolved Clerk's notice and not from any conduct by Plaintiff, ex parte relief is appropriate.

## V. ENTITLEMENT TO RELIEF

Rule 15(a)(1)(B) provides that a party may amend once as a matter of course within twenty-one days after service of a Rule 12(b) motion. That right is independent of, and not extinguished by, any earlier amendment under Rule 15(a)(2). The Ninth Circuit has held that Rule 15(a) is structured so that the amendment mechanisms operate separately rather than sequentially, and that a prior stipulated amendment does not eliminate the later right to amend as of course. Plaintiff's amendment was therefore proper and effective on filing.

If the Court concludes that leave was required, leave should be granted nunc pro tunc. The parties have stipulated to acceptance of the Second Amended Complaint and to the resetting of deadlines. No party is prejudiced by the amendment, and judicial efficiency favors resolving Defendants' response to the operative complaint rather than requiring further motion practice directed to a superseded pleading.

## VI. RELIEF REQUESTED

Plaintiff requests that the Court enter an order deeming the Second Amended Complaint properly filed as of December 3, 2025, under Rule 15(a)(1)(B). If the Court determines that leave was required, Plaintiff requests leave nunc pro tunc as of that date. Plaintiff also requests that the Court adopt the revised deadlines set forth in the parties' stipulation, including vacatur of the prior hearing date and the February 2, 2026, deadline for Defendants' response.

Respectfully submitted,

Dated: December 4, 2025 **LAW OFFICES OF ROSS CORNELL, APC**

By: *<u>/s/ Ross Cornell</u>*
Ross Cornell, Esq.
Attorneys for Plaintiff,
TANYA ARNOLD

*Filer's Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(1), Reuben Nathanl hereby attests that concurrence in the filing of this document and its contents was obtained from all signatories listed above.*

Dated: December 4, 2025 By: /s/ *Reuben D. Nathan*
Reuben D. Nathan