Reuben D. Nathan, Esq. (SBN 208436)
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy., Suite 200
Newport Beach, CA 92663
Office: (949) 270-2798
Email: rnathan@nathanlawpractice.com

Ross Cornell, Esq. (SBN 210413)
**LAW OFFICES OF ROSS CORNELL, APC**
40729 Village Dr., Suite 8 - 1989
Big Bear Lake, CA 92315
Office: (562) 612-1708
Email: rc@rosscornelllaw.com

Attorneys for Plaintiff: TANYA ARNOLD

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TANYA ARNOLD, on behalf of herself and all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET COMPANIES, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 5:25-cv-01887-SPG-AS<br><br>Hon. Sherilyn Peace Garnett<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT ROCKET COMPANIES, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: January 21, 2026<br>Time: 1:30 p.m.<br>Ctrm: 5-C<br>Judge: Sherilyn Peace Garnett<br>350 W. 1st Street<br>Los Angeles, CA 90012<br><br>Complaint Filed: July 23, 2025<br>FAC Filed: October 3, 2025<br>SAC Filed: December 3, 2025 |

## I. INTRODUCTION

Plaintiff TANYA ARNOLD, by and through undersigned counsel, opposes Defendant Rocket Companies, Inc.'s Motion to Dismiss the First Amended Complaint ("MTD") [ECF No. 26] on a procedural ground: the Court and Clerk have not yet acted on the Parties' stipulation and proposed order regarding the Second Amended Complaint, leaving the case without a clear operative pleading or response deadline.

On December 3, 2025, Plaintiff timely filed a Second Amended Complaint ("SAC") within the twenty-one-day amendment-as-of-right window under Fed. R. Civ. P. 15(a)(1)(B). Although the Clerk issued a deficiency notice, Plaintiff responded with a detailed explanation of her Rule 15(a)(1)(B) entitlement. On December 4, 2025, the Parties met and conferred and filed a comprehensive stipulation [ECF No. 32] requesting that the Court approve the filing of the SAC as of December 3, 2025, vacate the January 21, 2026 MTD hearing, and establish a February 2, 2026 deadline for Defendant to respond to the SAC.

Thereafter, Plaintiff sought expedited relief by ex parte application [ECF No. 33]. However, the Court and Clerk have not yet ruled on the stipulation or the ex parte application, leaving the docket in procedural limbo. Plaintiff hereby opposes the MTD on the ground that it is directed at a superseded complaint and requests that the Court immediately approve the Parties' stipulation, deem the SAC operative, and vacate the MTD hearing.

## II. PROCEDURAL BACKGROUND

On November 12, 2025 Defendant filed its Rule 12(b)(6) Motion to Dismiss the First Amended Complaint [ECF Nos. 26]. This filing triggered Plaintiff's right to amend once as a matter of course within twenty-one days.

<u>December 3, 2025:</u>

- Plaintiff filed the Second Amended Complaint ("SAC") [ECF No. 28], well within the twenty-one day window.

/ / /

- The Clerk issued a Notice to Filer of Deficiencies [ECF No. 30], asserting that leave of court was required.
- Plaintiff immediately filed a Response [ECF No. 31], explaining her entitlement to amend under Rule 15(a)(1)(B).
- Plaintiff contacted the Clerk seeking clarification but received no response.

December 4, 2025:

- The Parties met and conferred and agreed that the SAC be accepted as the operative pleading.
- The Parties filed a Stipulation for Plaintiff to File Second Amended Complaint and to Extend Time to Respond to the Second Amended Complaint [ECF No. 32], signed by counsel for both Plaintiff and Defendant.
- Plaintiff filed a Declaration of Ross Cornell supporting the stipulation [ECF No. 32-1].
- Plaintiff filed an Ex Parte Application for Order Resolving the Status of Second Amended Complaint [ECF No. 33], along with a supporting Declaration [ECF No. 33-2].
- Defendant did not oppose the relief requested.

December 10, 2025 (today): The Court and Clerk have not yet acted on the stipulation or the ex parte application. The docket remains without a clear operative pleading or a response deadline.

## III. THE SECOND AMENDED COMPLAINT WAS PROPERLY FILED UNDER RULE 15(a)(1)(B)

### A. Plaintiff's Amendment Right Was Triggered and Timely Exercised

Fed. R. Civ. P. 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course within twenty-one days after service of a Rule 12(b) motion:

*A party may amend its pleading once as a matter of course within 21 days after service of … a motion under Rule 12(b).*

/ / /

Defendant's November 12, 2025 Rule 12(b)(6) motion triggered this automatic amendment right. Plaintiff filed the SAC on December 3, 2025—within the twenty-one day window. The amendment was therefore proper and effective upon filing.

**B. Prior Stipulated Amendments Do Not Extinguish the Rule 15(a)(1)(B) Right**

The Clerk's deficiency notice rested on the erroneous premise that because the Parties had previously stipulated to the First Amended Complaint, Plaintiff's later amendment right had been exhausted. This reasoning conflates two independent amendment mechanisms under Rule 15:

- Rule 15(a)(2) governs amendments by consent or with leave of court.
- Rule 15(a)(1)(B) provides an automatic right to amend once in response to a Rule 12 motion.

These amendments operate independently, not sequentially. A prior stipulated amendment under Rule 15(a)(2) does not extinguish the later opportunity to amend as of right under Rule 15(a)(1)(B). The Ex Parte Application articulated this principle clearly, citing Ninth Circuit authority confirming that "the amendment mechanisms operate separately rather than sequentially, and that a prior stipulated amendment does not eliminate the later right to amend as of course."

Plaintiff's December 3rd filing therefore complied fully with Rule 15(a)(1)(B).

**C. The Clerk's Deficiency Notice Was Erroneous and Has Been Resolved by Consent**

The Clerk's December 3 notice was procedurally incorrect. Plaintiff promptly objected [ECF No. 31] and attempted to clarify the issue with the Clerk's office, but received no response. Rather than litigate this deficiency, Plaintiff and Defendant cooperatively resolved the matter through stipulation.

The fact that both parties now agree the SAC should be the operative pleading undermines any lingering concern about the procedural validity of Plaintiff's amendment.

Defendant's stipulation that the Second Amended Complaint be deemed filed as of December 3, 2025 confirms that the parties are in agreement.

## IV. DEFENDANT'S MOTION TO DISMISS IS DIRECTED AT A SUPERSEDED COMPLAINT

A fundamental problem with litigating the MTD is that it is directed exclusively at the First Amended Complaint [ECF No. 26]. The SAC includes new defendants (Rocket Limited Partnership and Rocket Mortgage, LLC) and new allegations not present in the FAC. Requiring Plaintiff to oppose a motion regarding a superseded pleading while the operative pleading remains unapproved is neither efficient nor equitable.

Any judgment on the MTD would either:

1. Become a nullity upon the Court's approval of the stipulation and the SAC's acceptance as operative; or
2. Require subsequent motion practice directed at the new allegations in the SAC.

In either scenario, judicial economy is disserved. Defendant cannot obtain meaningful dismissal of allegations it has not yet had the opportunity to challenge because those allegations exist only in the SAC, not the FAC.

## V. THE COURT'S FAILURE TO ACT ON THE STIPULATION AND EX PARTE APPLICATION HAS CREATED PROCEDURAL UNCERTAINTY

As of today, December 10, 2025, the Court and Clerk have taken no action despite:

- The Parties' joint stipulation, signed by counsel for both sides [ECF No. 32];
- Declarations supporting the stipulation and ex parte application [ECF Nos. 32-1, 33-2];
- An expedited ex parte application noting that Defendant does not oppose the requested relief [ECF No. 33];

The docket currently reflects no operative pleading and no clear response deadline. Defendant cannot effectively prepare a response to an undefined complaint. Plaintiff cannot prepare her substantive opposition to a motion directed at a dead pleading. Both parties are in procedural suspension, awaiting the Court's action.

/ / /

## VI. PLAINTIFF'S OPPOSITION AND RENEWED REQUEST FOR RELIEF

Plaintiff opposes the MTD on the procedural ground that it is directed at a superseded complaint and that the Court has not yet approved the Parties' agreed resolution. Plaintiff does not engage the substantive arguments in Defendant's motion because to do so would be futile—Defendant cannot obtain relief based on a complaint that the parties jointly agree is no longer operative.

Plaintiff hereby renews her request, previously made in the ex parte application [ECF No. 33], that the Court:

1. Approve the Stipulation for Plaintiff to File Second Amended Complaint [ECF No. 32];
2. Enter the proposed order deeming the Second Amended Complaint properly filed as of December 3, 2025;
3. Vacate the January 21, 2026 hearing on Defendant's motion to dismiss the First Amended Complaint;
4. Set Defendant's deadline to respond to the Second Amended Complaint at February 2, 2026, as the Parties have stipulated;
5. Confirm that leave of Court is required for any future amendments, as agreed by the Parties.

Upon the Court's approval of these items, the MTD will be directed at a superseded pleading and should be denied as moot or otherwise disposed of.

## VII. CONCLUSION

Plaintiff respectfully requests that the Court grant the relief requested in the Parties' Stipulation [ECF No. 32] and deny or vacate the Motion to Dismiss as directed at a superseded complaint.

/ / /

/ / /

Respectfully submitted,

Dated: December 10, 2025

**LAW OFFICES OF ROSS CORNELL, APC**

By: /s/ Ross Cornell
Ross Cornell, Esq.
Attorneys for Plaintiff,
TANYA ARNOLD

*Filer's Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(1), Reuben Nathan hereby attests that concurrence in the filing of this document and its contents was obtained from all signatories listed above.*

Dated: December 10, 2025

By: /s/ *Reuben D. Nathan*
Reuben D. Nathan